UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA NEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | )  05-2137 |
| v. | ) |
| | ) |
| BOARD OF TRUSTEES OF EASTERN | ) |
| ILLINOIS UNIVERSITY and LYNETTE | ) |
| DRAKE, Director of Health Services, | ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff Andrea Nead ("Nead") is a Nurse PRN. She brings this complaint against her employer, the Board of Trustees of Eastern Illinois University ("EIU"), and her supervisor, Director of Health Services Lynette Drake ("Drake"). Nead claims the defendants violated her constitutional rights to freedom of speech, freedom of religion, and equal protection of the law.[1] She also claims the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Church Amendment, 42 U.S.C. § 300a-7(b)-(d); and the Illinois Health Care Right of Conscience Act, 745 Ill. Comp. Stat. 70/1 *et seq*.

The defendants have filed a motion to dismiss all six counts of the complaint. For the following reasons, the motion to dismiss is granted in part and denied in part.

BACKGROUND

In August 2000, EIU hired Nead to work in its Health Services Department. Since that time, Nead has worked in all nursing areas of the Health Services Department.

In December 2004, Nead interviewed for a promotion to Staff Nurse II within the Health Services Department, for which there were two openings. Nead claims she was highly qualified for the position based on her education, experience, test scores and recommendations from her coworkers and supervisors. The Director of Nursing conducted the interview and told Nead that, because of her familiarity with Nead's nursing skills, she would dispense with most of the usual interview questions and confine herself to three questions: (1) what were Nead's strengths/weaknesses; (2) how had Nead used her nursing skills in the community; and (3) whether she would be willing to dispense emergency contraception ("EC"), also known as the

---

[1] She brings these claims pursuant to 42 U.S.C. § 1983.

morning-after pill.

In response to the third question, Nead replied that she opposed EC because she considered it a form of abortion, a practice which, according to her religious beliefs, Nead may not participate in. Nead explained her understanding of how EC works, her belief that life begins at conception, and her opposition to the use of EC. The interviewer told Nead that another nurse who was interviewed for the Staff Nurse II position did not have any objection to dispensing EC.[2] A month later, Nead was informed that she was not hired for either of the Staff Nurse II positions. She believes she was passed over for the promotion because she refused to dispense EC.[3]

## ANALYSIS

In ruling on a motion to dismiss, a court must accept the plaintiff's well-pled allegations as true and draw reasonable inferences in the plaintiff's favor. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Dismissal should be granted only if it appears that the plaintiff cannot prove a set of facts supporting her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Put another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (emphasis added) .

### I. Constitutional violations

The defendants argue that Counts I, II and III must be dismissed due to the sovereign immunity provided by the Eleventh Amendment, and neither EIU nor Drake is a "person" subject to suit under Section 1983. Although Nead argues against dismissal of the individual capacity claim against Drake, she concedes that the constitutional claims against EIU and Drake in her official capacity must be dismissed. Accordingly, those claims are dismissed.

Nead alleges that she was denied the promotion to Staff Nurse II because of her speech and religious beliefs. Drake argues that the allegations do not state a claim for which relief may be granted.

---

[2] The other nurse was offered, and accepted, one of the Staff Nurse II positions.

[3]*Moncivaiz v. DeKalb County*, 2004 WL 539994 (N.D. Ill. Mar. 12, 2004), cited by Nead and the defendants, is factually similar to Nead's case. Plaintiff Moncivaiz was a part-time bilingual employee of the DeKalb County Health Department. She was denied a full-time position because she objected on religious and moral grounds to the requirement that she translate the option of abortion to clients with unwanted pregnancies. Moncivaiz was represented by the same attorneys now representing Nead. Moncivaiz filed a six-count complaint against DeKalb County that is very similar to the six-count complaint filed by Nead.

### A. Freedom of speech

In *Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 618 (7th Cir. 2001), the Court of Appeals affirmed the Rule 12(b)(6) dismissal of a First Amendment retaliation claim against a defendant in her individual capacity, according to the following test.

> In order for [the plaintiff] to establish a § 1983 claim based on the First Amendment, she must demonstrate that: (1) her conduct was constitutionally protected and (2) her conduct was a substantial or motivating factor in the defendants' challenged actions. *See Thomsen v. Romeis*, 198 F.3d 1022, 1027 (7th Cir. 2000). To determine whether [the plaintiff's] speech was constitutionally protected, we need to ask whether her speech addressed a matter of public concern, *and if so*, then we must consider whether [the plaintiff's] interest in speaking outweighs the interest of the state in efficiently providing services. *See Kokkinis v. Ivkovich*, 185 F.3d 840, 843-44 (7th Cir. 1999). To determine whether [her] speech was a matter of public concern, we consider the content, form, context, and motivation of her speech, although content is the most important factor. *See Button v. Kibby-Brown*, 146 F.3d 526, 529 (7th Cir. 1998).

*Horwitz*, 260 F.3d at 618 (emphasis added).

The threshold determination is whether the speech addresses a matter of public concern. *Horwitz*, 260 F.3d at 618. Even when speech "addresses a subject of general interest to the public," it is not protected when "addressed only to the personal impact of the issue on [the speaker] . . . intended to benefit only her personal interests in a private [matter] with her employer." *Cliff v. Board of Sch. Comm'rs*, 42 F.3d 403, 409 (7th Cir. 1994). Nead has alleged that she spoke out against EC, discussed her understanding of how EC works, and told the interviewer that she believed it would be morally wrong *for her* to dispense EC. Compl. ¶ 13. Although the subject touches on a matter of public concern, Nead spoke in reference to her personal interests on a private matter. Consequently, her speech was not constitutionally protected. The court grants the motion to dismiss Count I against Drake in her individual capacity.

### B. Freedom of religion

Next, Nead avers she was denied freedom of religion when Drake used the question about her willingness to dispense EC as a basis to deny the promotion. Because Nead refused on moral and religious grounds to dispense EC, another nurse was given the promotion.

"Free exercise of religion does not mean costless exercise of religion, but the state may not make the exercise of religion unreasonably costly." *Menora v. Illinois High Sch. Ass'n*, 683 F.2d 1030, 1033 (7th Cir. 1982). The court must weigh "the burden on [Nead] of being denied the [promotion] as the price of observing [her] religion, and the burden on the [employer]

3

of [promoting] someone who fails to meet the usual requirements for eligibility."[4] *Menora*, 683 F.2d at 1033.

Nead informed the interviewer that she opposed EC because she considered it a form of abortion, a practice contrary to her religious beliefs. Nead alleges she was passed over for promotion "based in whole or in part on her moral and religious beliefs and her expression of" those beliefs. Nead has adequately alleged a burden -- she was deprived of an employment opportunity because of her religious beliefs.

The defendant argues that EIU has a compelling interest in providing comprehensive health care services to EIU students who visit the health clinic. The court does not necessarily disagree. However, on a motion to dismiss, the court is limited to the allegations in the complaint, which contains nothing to suggest that Nead's refusal to dispense EC would hinder EIU's effort to provide those services. Without more information,[5] the court cannot weigh the respective burdens of employee and employer. There is no suggestion that only individuals holding Staff Nurse II positions can dispense the medication, or that it is likely – or even possible – that the individuals hired for those specific Staff Nurse II positions would be asked to dispense EC. The complaint simply alleges Nead was asked the question, stated her objection based on her religious beliefs, and did not receive the promotion. There is no evidence before the court at this time to support the assertion that Nead's beliefs imposed a burden on the employer.

Accordingly, the motion to dismiss Count II against Drake in her individual capacity is denied.

### C. Equal Protection

Nead alleges that Drake violated her right to equal protection of the law by denying her the promotion because of her religious beliefs. Nead argues she is a member "in that class of persons who hold the religious view that life begins at conception." Drake argues that Nead is not in a *suspect* class, and has not stated the facts necessary to allege a "class of one." In addition, Drake argues that the doctrine of qualified immunity protects her from suit.

A plaintiff is denied equal protection of the law when she experiences intentional or purposeful discrimination on the basis of her membership in a definable class. *Nabozny v.*

---

[4] The court assumes for the purposes of this motion that the employer asked all interviewees whether they would dispense EC. Nead does not claim this is so, but suggests as much by stating she was told that another interviewee did not object to dispensing EC.

[5] A movant may submit matters outside the complaint on a Rule 12(b)(6) motion, and the court may treat the motion pursuant to Fed. R. Civ. P. 56 (motion for summary judgment). Fed. R. Civ. P. 12(b)(6). However, the defendants did not back this argument with anything more than unsupported assertions.

*Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996).  Religion is considered a suspect classification. *See Burlington N. R.R. Co. v. Ford*, 504 U.S. 648, 651 (1992).

> "Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group."

*Nabozny*, 92 F.3d at 454.

Nead states that she was denied the promotion "based in whole or in part on her membership in that class of persons who hold the religious view that life begins at conception[.]" While she does not state that the promotion was denied with the intent to cause harm because of her religious views, the inference is not inconsistent with the allegations in her complaint. Whether she can prove discriminatory purpose is yet unknown, but she is entitled to try.

Nead argues that she has also stated an equal protection claim based on a "class of one." Because she has adequately alleged the more traditional equal protection claim, the court need not determine whether she has adequately stated a "class of one" claim.

Drake urges the court to dismiss Nead's equal protection claim on the basis of qualified immunity.  The defense of qualified immunity shields a government employee from liability "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The inquiry is twofold – to be held liable, the government employee must have violated a statutory or constitutional right, and the right must have been clearly established at the time of the violation. *Sullivan v. Ramirez*, 360 F.3d 692, 697 (7th Cir. 2004).

In this case, Nead has alleged a violation of her right to equal protection of the law on the basis of her religion.  It is clearly established that purposeful discrimination on the basis of religion violates the equal protection clause. *See Burlington N. R.R. Co.*, 504 U.S. at 651.

Accordingly, the motion to dismiss Count III against Nead in her individual capacity is denied.

## II.  Title VII claim

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

A plaintiff states a *prima facie* case of employment discrimination by alleging (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. *Swierkiewicz*, 534 U.S. at 510.  However, *Swierkiewicz* makes clear that a *prima facie* case is not a pleading requirement, but an evidentiary standard. *Swierkiewicz*, 534 U.S. at 510-11.  At this

stage, the plaintiff need only provide fair notice of her claims and the grounds upon which they rest. *Swierkiewicz,* 534 U.S. at 514. Nead alleges she is a member of a religious group that prohibits its adherents from participating in any form of abortion; she was qualified for the Staff Nurse II position; she informed her interviewer she would not be willing to dispense EC; and she did not receive the promotion. In addition, she was told that another applicant – who was ultimately given the promotion – did not object to dispensing EC.

Nead has stated a claim upon which relief may be granted. EIU's motion to dismiss Count IV is denied.

### III.  Church Amendment

Nead asserts her fifth claim pursuant to 42 U.S.C. § 300a-7 (the "Church Amendment"). The relevant part of the Church Amendment prohibits entities that receive funding through certain federal sources from discriminating in the employment, promotion, or termination of employment of health care personnel who refuse to participate in sterilization or abortion procedures on the basis of their religious beliefs or moral convictions. 42 U.S.C. § 300a-7(b)-(d). The defendants argue that the Church Amendment does not confer a private right of action. The defendants are correct; it does not.

The plaintiff makes an ardent but unavailing argument for reading a private right of action into the statute. The plaintiff states that the Church Amendment was enacted less than five months after the United States Supreme Court issued *Roe v. Wade*, 410 U.S. 113 (1973), but argues that an implied private right of action is a question of first impression for the court. However, Nead's counsel advanced this argument before the United States District Court, Northern District of Illinois, in 2004, without success. *See Moncivaiz*, 2004 WL 539994. In that case, the court dismissed the claim, concluding,

> The statute does not create an express private right of action and a strong presumption exists against creation of an implied right of action. *Endsley v. City of Chicago*, 230 F.3d 276, 281 (7th Cir. 2000). Plaintiff does not cite any legislative history to suggest a private right of action was intended. Absent such a suggestion, the court, "will not imply a private right of action where none appears in the statute." *Endsley*, 230 F.3d at 281.

*Moncivaiz*, 2004 WL 539994, at *3.

Counsel now argues that the dismissal of the claim in *Moncivaiz* was "solely because [that court] was not presented with evidence of the statute's legislative history." Yet, counsel provides no legislative history to support Nead's claim. In fact, a cursory review of the legislation as a whole suggests the main purpose was to appropriate funds for health care services.

The motion to dismiss Count V is granted.

####  IV.  Illinois Health Care Right of Conscience Act

Nead's final claim is pursuant to Illinois law.  The Illinois Health Care Right of Conscience Act, 745 Ill. Comp. Stat. 70/5, prohibits discrimination against individuals who refuse to provide certain health care services contrary to their conscience.

The defendants argue that this court should decline to exercise jurisdiction over this claim pursuant to 28 U.S.C. § 1367.  The court may exercise supplemental jurisdiction over state law claims forming part of the same case or controversy as the claims over which it has original jurisdiction.  28 U.S.C. § 1367(a).  However, the court may decline to exercise supplemental jurisdiction over state law claims when there are exceptional circumstances and compelling reasons to do so.  28 U.S.C. § 1367(c)(4).  The defendants argue in favor of a state forum, citing Illinois statutes that grant exclusive jurisdiction over claims against EIU and other state universities to the Illinois Court of Claims.  *See, e.g.*, 705 Ill. Comp. Stat. 505/8(d) (vesting jurisdiction in the Court of Claims for actions sounding in tort).  The defendants argue that the statute provides a compelling reason to allow the state court to resolve this claim.

There is no benefit to litigating, in two different court systems, claims arising from one set of facts and circumstances.  The potential inefficiency in doing so strongly counsels against dismissal of the state law claim at this time.  The motion to dismiss Count VI is denied.

#### CONCLUSION

For the foregoing reasons, the motion to dismiss [#6] is granted in part and denied in part.  Counts I and V are dismissed in their entirety; Counts II and III against EIU and Drake in her official capacity are dismissed. The motion to dismiss is denied insofar as it seeks dismissal of Counts II and III against Drake in her individual capacity, Count IV and Count VI.  The defendants shall file their answer within fourteen days of the date of this order.

Entered this 6th day of June, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE